IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT ALLEN SHIRLEY, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. CIV-15-327-F |
| CLEVELAND COUNTY SHERIFF'S DEPARTMENT and or UNKNOWN POLICE DEPT.(S), | ) |
|       Defendants. | ) |

## REPORT AND RECOMMENDATION

Robert Shirley (Plaintiff), a state prisoner appearing pro se and in forma pauperis, claims in his one-page complaint that "[d]uring the course of the criminal investigation to which I am currently incarcerated[, m]y residence was illegally searched and property s[ei]zed without the execution of a true and correct search warrant." Doc. 1.[1] Through an attached "Requested Monetary Determination" he seeks actual and punitive damages totaling $1,530,000 – $30,000 for "real property value"; $500,000 in lost income and wages, calculated at $50,000 for ten years; and $1,000,000 in punitive damages. *Id.,* at Att. 2.[2]

---

[1] Plaintiff's only remaining allegation is that "[t]o date, I still have not rec[ei]ved a true and correct copy of a valid search warrant for this action." Doc. 1.

[2] Plaintiff filed this action from the Cleveland County's F. DeWayne Beggs Detention Center and advised that he had been sentenced and was
(continued...)

United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Because Plaintiff cannot state a valid claim for relief against the Cleveland County Sheriff's Department "and or Unknown Police Dept.(s)," the only identified Defendants, Doc. 1, the undersigned recommends dismissal of the action pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(2).

## I.    Screening.

Federal law requires the screening of complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. §1915A(a). Similarly, screening of a civil complaint filed in forma pauperis is mandated by 28 U.S.C. § 1915(e)(2). After conducting its initial review, the court must dismiss any claim or claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* §§ 1915A(b), 1915(e)(2)(B).

Consistent with Plaintiff's allegation in requesting in forma pauperis status that his action is "for civil rights relief," the undersigned construes his

---

[2](...continued)
awaiting transfer into the custody of the Oklahoma Department of Corrections. *Id.*, Att. 1.

action for damages as one brought pursuant to 42 U.S.C. § 1983. Doc. 4, at 1.

## II. Defendants are not suable entities in a § 1983 action.

Because the Cleveland County Sheriff's Office does not have a legal identity separate from that of Cleveland County, the Cleveland County Sheriff's Office is not a suable entity and is not a proper defendant in a § 1983 action. *See Reid v. Hamby*, No. 95-7142, 1997 WL 537909, at *6 (10th Cir. Sept. 2, 1997) (unpublished op.) (holding that "an Oklahoma 'sheriff's department' is not a proper entity for purposes of a §1983 suit").

Likewise, a police department "is not a separate suable entity." *Benton v. Town of South Fork*, 587 F. App'x 447, 449 (10th Cir. 2014) (quoting *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985), *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985), *vacated on other grounds, Tyus v. Martinez*, 475 U.S. 1138 (1986)). So, even if Plaintiff had identified and named a particular police department, "the police department would have been entitled to dismissal for failure to state a valid claim." *Id.*

## III. Recommendation and notice of right to object.

The undersigned recommends the dismissal of Plaintiff's action pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(2) for failure to state a § 1983 claim against any Defendant upon which relief may be granted.

The undersigned advises Plaintiff of his right to file an objection to this

Report and Recommendation with the Clerk of Court on or before May 27, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 7th day of May, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE